Chief Judge Desmond (dissenting).
If there ever could have been any doubt as to the meaning and effect of the mandatory language of paragraph 2 of rule 302 of the Buies of Civil Practice, that doubt was removed by Wheelock v. Wheelock, (3 A D 2d 25, affd. 4 N Y 2d 706). Our affirmance in Wheelock confirmed that rule 302 is ‘ ‘ automatic and self-executing ’ that a dismissal thereunder deprives the court of any “ jurisdictional foundation ” for further proceedings in the case, that the court has thereafter ‘ ‘ no power to proceed ’ ’, and that a judgment thereafter mistakenly entered must be vacated when collaterally attacked (3 A D 2d 25, 26, 27, supra). In the light of the history and obvious need and purpose for the rule, any other construction is impossible. Dismissal under paragraph 2 of rule 302 is by the court on the court’s own motion and for the court’s purposes. The court could vacate it on a proper showing but no party could do so. No party could waive its effects or be estopped by subsequent activity in the cause, mistaken or otherwise, or restore the jurisdiction and power which, as Wheelock held, had come to an end (Matter of Walker, 136 N. Y. 20, 29). Surely it was not an untimely end in this instance, since the case had been pending since 1936!
If everything previously said in this opinion should be rejected, the Court of Appeals would still be without power to nullify the earlier or rule 302 dismissal. When the court which had by inadvertence dismissed the action for the second time, then vacated the second dismissal order, it did so by construing its earlier dismissal order as a final and complete termination of the action. There is no doubt that rule 302 authorized the *552 court to dismiss an action finally and forever and when the court has so construed its own 1956 order no other court can put a different label on it or give it any lesser effect or significance.
The order appealed from should be affirmed, with costs in all courts.
Judges Dye, Froessel and Van Voorhis concur with Judge Foster; Chief Judge Desmond dissents in an opinion in which Judges Fuld and Burke concur.
Order reversed, with costs in all courts, and the order of the Supreme Court, Kings County, of January 3, 1958, and the judgment entered thereon on January 7, 1958, reinstated.